# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY HARRIS,                           No. CIV S-04-1149-WBS-CMK

    Plaintiff,

  vs.                                  ORDER

CHICO NISSAN, INC., et al.,

    Defendants.

_____/

        Plaintiff filed this action alleging discrimination in violation of the Americans with Disabilities Act and California law.  Currently before the court is plaintiff's September 21, 2005, document entitled "Plaintiff's First Amended Notice of Motion and Motion to Compel Discovery," which was noticed for hearing on October 11, 2005, at 10:00 a.m. in Redding, California.

        In his motion to compel, plaintiff asserts that defendants Chico Nissan and Raymond L. Bowen have failed to respond to his request for production of documents.  Plaintiff also asserts that Raymond L. Bowen and Brian Bowen have failed to appear at properly noticed depositions.  Plaintiff seeks an order: (1) directing defendants Chico Nissan and Raymond L. Bowen to produce the documents sought; (2) directing Raymond L. Bowen and Brian Bowen to

appear at their depositions; and (3) awarding monetary sanctions.

The court finds that a hearing in this matter would serve little purpose at this time. As to plaintiff's request for monetary sanctions, the motion is not accompanied by a declaration from counsel, signed under penalty of perjury, setting forth counsel's reasonable hourly rate and the number of hours reasonable expended in seeking the discovery here at issue.  The request for sanctions will, therefore, be denied without prejudice to renewal accompanied by proper declarations.[1]

As to plaintiff's request that defendants be ordered to produce documents and appear at their depositions, the record reflects that all defendants have appeared in this action and are represented by counsel.  Pursuant to Eastern District of California Local Rule 37-251(e)(1), because plaintiff's motion alleges a complete failure to respond to discovery requests, no meet-and-confer declaration is required.  Defendants' response to the motion was due five court days prior to the scheduled hearing date, or by October 3, 2005, given that October 10, 2005, is a court holiday.  To date, no response to the motion has been filed and defendants have failed to request an extension of time to do so.  The court does not take failure to respond to discovery lightly. Therefore, and in the interest of justice, defendants will be given an opportunity to show cause regarding the alleged failure to provide discovery.  Following submission of defendants' response to this order to show cause, plaintiff's discovery motion will stand submitted on the papers, except as otherwise denied by this order.

/ / /

/ / /

/ / /

---

[1] The court notes that, throughout the motion to compel, plaintiff's counsel states that documentation supporting the motion, including sanctions request, ". . . will be provided at the Court's behest."  Plaintiff is reminded that it is his obligation to present the court with competent evidence to support a motion, and not the court's obligation to guess what evidence might support a litigant's position and to ask for such evidence.  This is the plaintiff's case to litigate, not the court's.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    The hearing on plaintiff's motion to compel set for October 11, 2005, at 10:00 a.m. in Redding, California, is vacated from the court's calendar;

2.    Plaintiff's request for monetary sanctions is denied without prejudice; and

3.    Defendants shall show cause in writing, within 15 days of the date of service of this order, why non-monetary sanctions should not be imposed for their failure to respond to discovery requests.

DATED: October 5, 2005.

　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE