UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TONY HARRIS,

        Plaintiff,

   v.

CHICO NISSAN, INC., RAY L. BOWEN, and DOES 1 through 10,

        Defendants.

CASE NO. CIV. S-04-1149 WBS PAN

MEMORANDUM AND ORDER

----oo0oo----

        Plaintiff Tony Harris alleges that defendants Chico Nissan, Inc., and its owner, Ray L. Bowen, violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300 and various California statutes.  He now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

I.   <u>Factual and Procedural Background</u>

        Plaintiff, who is partially paralyzed, purchased a Nissan Frontier pick-up from defendants at their place of business in Chico, Ca.  (Harris Decl. ¶¶ 2-3; Pl.'s Statement of Undisputed Material Facts ¶ 6.)  Based on his experience that day

1

and on a subsequent visit for maintenance on the truck, plaintiff filed suit against defendants under the ADA, alleging that "architectural barriers" denied him full and equal access to defendants' business. (Compl. ¶¶ 18-19.) Specifically, plaintiff claimed that he encountered: (1) accessible parking spaces taken up by unauthorized vehicles, (2) ramps that were too steep or too narrow, (3) a door that was too narrow, and (4) a men's restroom that lacked grab bars. (Swenson Decl. Ex. 1 (Harris Dep. at 53-57).) He now moves for summary judgment on these four claims.

II. Discussion

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Here, the facts regarding whether the four "barriers" identified by plaintiff actually violate the ADA, or even exist, are in dispute.

    A.   Parking Spaces

Regarding plaintiff's first claim that accessible parking spaces were taken up by defendants' unauthorized vehicles, defendants respond that plaintiff has no evidence of these alleged violations. They also offer testimony asserting

that they have never left company cars in accessible spaces. (Bowen Decl. ¶ 10; Swenson Decl. Ex. 3 (Carey Dep. at 11:8-12).)

      B.   <u>Ramps</u>

Likewise, defendants rebut plaintiff's second claim that ramps were too steep or too narrow by presenting a report from their own expert, Michael Boga. Boga's measurements contradict those of plaintiff's expert, Joseph Card. (Boga Decl. & Exs. 1-3.)

      C.   <u>Narrow Door</u>

Defendants present evidence that the allegedly too narrow door was only temporarily in place during a remodeling project and has since been removed. If defendants' claim is true, then plaintiff's ADA claim regarding the door is moot, because the ADA offers only injunctive relief for Title III violations. <u>Wander v. Kaus</u>, 304 F.3d 856, 858 (9th Cir. 2002).

      D.   <u>Restrooms</u>

Finally, defendants respond to plaintiff's claim that the men's restroom lacked grab bars by explaining that the unisex restroom rather than the men's room was the one intended to be accessible to disabled patrons. Plaintiff selected the men's room, which was not marked with the international sign for accessibility, in lieu of the unisex bathroom, which was marked and arguably properly equipped.

In light of these factual disputes, plaintiff has not made the necessary showing to warrant summary judgment in his favor. Therefore, as plaintiff's counsel admitted at oral argument, plaintiff is not entitled to summary judgment.

///

1    IT IS THEREFORE ORDERED that plaintiff's motion for
2 summary judgment be, and the same hereby is, DENIED.[1]
3 DATED: December 1, 2005

                                    _____
                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion for summary judgment on his state law claims under the Unruh Civil Rights Act and Disabled Persons Act, which plaintiff argues "are wholly predicated upon a violation of the [ADA]," is thus also denied. (Pl.'s P. & A. in Supp. of Mot. for Summ. J. at 17.)

4